STATE, RESPONDENT, *v.* CLARK, APPELLANT.

(No. 6,637.)

(Submitted May 5, 1930.  Decided May 22, 1930.)

[288 Pac. 186.]

*Messrs. Molumby, Busha & Greenan,* for Appellant, submitted a brief; *Mr. L. J. Molumby* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. L. V. Ketter,* Assistant Attorney General, and *Mr. Max P. Kuhr,* County Attorney of Hill County, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Ellis Clark, convicted of the crime of unlawfully giving intoxicating liquor to a minor, has appealed from the judgment and from an order denying him a new trial.

The facts are that a large number of high school students, and some others, of whom defendant was one, had gone by train from Great Falls to Havre to attend a football game between the Great Falls and Havre high schools. Defendant, twenty-eight years old, while not connected with the high school, had been in the habit of associating with the students. On this occasion he had with him a suitcase containing two bottles of gin, several bottles of Whiterock water, a pound of powdered sugar, a cocktail shaker and a spoon. Among the students on the train was Cluett Lambert, sixteen years of age. Upon the arrival of the train, shortly after 11 in the morning, Lambert registered at the Havre Hotel and was given room 311. Defendant was given room 314, which is on the same floor, across the hall from 311.

Shortly before 2 o'clock in the afternoon, the sheriff and Mr. Gallagher, principal of the Great Falls high school, went to room 314 to investigate. The sheriff found there a number of young people who, he said, were "pretty well liquored up." Mr. Gallagher said nine fellows came out of the room. Some of them had been drinking. Upon the dresser in defendant's room were two bottles partly filled with liquor, a shaker, six glasses that had been used for drinks, eggshells and lemons. Approximately at the same time Gallagher saw Lambert, who had been drinking, but he did not see him in defendant's room. Gallagher did not taste the liquor, but from the odor

concluded there was a good percentage of alcohol in it. When the sheriff reached the room, defendant was not there; he came in about three minutes after the sheriff's arrival. Defendant admitted the room was his and that he owned the intoxicating liquor. The sheriff took away a bottle three-fourths full of gin, which was introduced in evidence.

Lambert, produced as a witness for the state, said he had been in defendant's room. In response to the question, "Tell us whether or not you had a drink of gin in that room," he answered, "I don't know whether it was gin or not; I had a drink of liquor of some kind," but said he could not say who served him; said "the defendant did not serve me with a drink." The county attorney then asked and was granted leave to cross-examine the witness. To this counsel for defendant did not interpose any objection. Lambert was then asked if on the afternoon of the occurrence, at Mr. Carruth's office in the Havre Hotel, he had not told the sheriff and the county attorney he had gotten a drink from defendant, to which he answered, "I did not tell you I got it from him directly." He admitted that he had said to the officers in Carruth's office that, inasmuch as he had accepted defendant's hospitality, he did not feel like telling on him; that he had told the officers, in effect, that in room 314 defendant had served a round of six drinks to the people there, and one of the drinks had been served to himself. He then denied making the statement. He admitted saying in Carruth's office, suggestion being made that defendant be called in, "Are you going to tell him I squealed on him?"

From the above it is seen that the testimony of this witness was shifty. Without narrating the testimony further, it is enough to say it appears therefrom that, while admitting he received a drink in defendant's room, he denied receiving it from defendant; that is, we take it, defendant did not personally hand him the liquor. If this be so, the inference from the evidence is irresistible, either that the witness took the drink from the dresser upon which it was placed by defendant after he had mixed it, or that the drink was handed to the witness

by one of the others in the room. It appears that defendant mixed the liquor into cocktails for the consumption of his guests in the room. Witness was one of his guests; yet, according to witness, if he took one of the drinks which defendant had set out for his guests, defendant did not give him one of the drinks. This naive reasoning did not appeal to the jury.

1. The action of the court in permitting the county attorney to cross-examine Lambert is assigned as error. The assignment is without merit. It was clear to the court that the witness was making statements different from prior statements made by him to the officers when the case was under investigation; that he was unfriendly to the state; that he was attempting to protect the defendant with whom he was friendly.

The statute provides that the party producing a witness is not allowed to impeach his credit by evidence of bad character, but he may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, as provided in Revised Codes 1921, section 10669. (Sec. 10666, Rev. Codes 1921.) Counsel for defendant argue that permission to cross-examine should have been denied, for the reason that the county attorney was not surprised by the witness' change of front, that officer having been apprised of the fact on the day before the trial. We do not observe any such limitation in the statute. Moreover, if the element of surprise be deemed material, we think it need not be confined to what develops after the witness takes the stand. No such narrow construction of the statute is permissible. The purpose of the statute is to elicit the truth. This, like many other phases of trial practice must be reposed in the sound discretion of the court. (Compare *State* v. *Willette*, 46 Mont. 326, 127 Pac. 1013.) Moreover, although defendant's counsel challenge the rule, we think defendant, having failed to interpose objection, cannot now urge error. (*State* v. *Reed*, 65 Mont. 51, 210 Pac. 756; *Yoder* v. *Reynolds*, 28 Mont. 183, 72 Pac. 417.)

2. Counsel for defendant assign as error the action of the court in permitting the sheriff to testify that the liquor contained in the bottle taken from defendant's room carried more than one-half of one per centum of alcohol by volume. The court determined, from the showing made, that the sheriff was qualified to so testify. In this ruling we concur fully. But the point is of little consequence, as it appeared from the sheriff's testimony not only that the liquor was gin, but that defendant said it was. The fact being established that it was gin is enough. (Laws 1927, p. 400, Chap. 122; *State* v. *Sedlacek,* 74 Mont. 201, 239 Pac. 1002.) But, if by any chance it could be said that it was error to admit this testimony of the sheriff, the error was rendered harmless by the defendant when he testified on cross-examination that the liquor was gin, that he had made it himself, and that it ran between ten and eleven ounces of alcohol to the quart of thirty-two ounces.

3. It is urged that the court erred in permitting the sheriff to testify to a confession made by defendant that he had given the liquor to Lambert, prior to proof of the *corpus delicti,* but there is not any merit in this contention. Before the court permitted evidence of the confession, it appeared, prima facie, that a crime had been committed by somebody in giving intoxicating liquor to Lambert. It had been shown that Lambert had been drinking. It had been shown that the defendant had been dispensing intoxicating liquor to minors in room 314, and it had appeared that Lambert had received intoxicating liquor there. Indeed, when the confession was received, proof of the *corpus delicti* had gone further than it was necessary to go under the well-supported rule announced in *State* v. *Dixson,* 80 Mont. 181, 260 Pac. 138.

Defendant's confession was voluntary, free from suspicion. He told the sheriff and county attorney, so the sheriff testified, upon being asked if he had given "these kids any liquor up there," that he had. He said "he mixed up a round of six drinks and passed them out, and Cluett Lambert was one that got a shot out of it," and he said, "I might as well plead

guilty." Defendant denied that he gave Lambert or any other minor any liquor in his room or elsewhere on that day. He admitted saying to the sheriff and county attorney he might as well plead guilty, but he said this, he explained, "figuring it would probably be charged up as a misdemeanor and there would be possibly a fine of ten or fifteen dollars imposed on me and would save the state the trouble of bringing these boys back from Great Falls to testify against me. I did not realize that the county attorney had in mind such a charge as this one or that I might be accused of a charge such as the one on which I am now standing trial."

4. We have not referred in this opinion to all the testimony tending to prove the charge against the defendant. The evidence against him was convincing. It is idle to urge that the verdict is not amply supported by competent evidence. No error appears in the record; the court took great pains to secure the defendant a fair and impartial trial, and such he received.

The judgment and order are affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. JUSTICE ANGSTMAN, being absent, did not hear the argument and takes no part in the foregoing decision.